UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Civil Action No. 2: 19 – cv - 2098 - RMG

| | |
|---|---|
| Katherine St. John Haney and James Byrnes, as Personal Representatives of the Estate of Muriel T. Farr,<br><br>Plaintiffs,<br><br>vs.<br><br>Michael E. Kavoukjian, Esq. and WHITE & CASE, LLP,<br><br>Defendants. | **COMPLAINT**<br>**(Jury Trial Demanded)** |

Plaintiffs, Katherine St. John Haney and James Byrnes, as Personal Representatives of the Estate of Muriel T. Farr, complaining of Defendants, Michael E. Kavoukjian, Esq. and WHITE & CASE, LLP, would respectfully show unto the Court as follows:

## SUMMARY OF THE CASE

1.  This breach of fiduciary duty case arises from the Defendant lawyer's breach of his fiduciary duties of confidentiality and loyalty to his former client when the *Defendant lawyer revealed to third-parties confidential information related to the representation of his former client and used that confidential information to the detriment of her estate, including filing a Creditor's claim against the Estate of his former client and participating as an advocate against her Estate in that probate case.* This was a client a) with whom he had an attorney-client relationship for many years; b) about whom he had detailed and

comprehensive knowledge of her finances; and c) for whom he had prepared a Last Will and Testament and provided extensive estate planning advice and services over the years. The Defendant lawyer's breach of his fiduciary and professional duties to his former client caused her Estate to incur damages in excess of $1,050,000. In addition, this lawsuit seeks disgorgement of the legal fees and other benefits received by Defendants while in derogation of their duties to their former client.

## **PARTIES**

2.      Defendant, Michael E. Kavoukjian, Esq. ("Mr. Kavoukjian"), is, upon information and belief is a citizen and resident of the State of New York and is a lawyer licensed to practice law only in Florida, Minnesota, and New York.

3.      Defendant, WHITE & CASE, LLP ("Law Firm"), is a law firm organized as a New York Limited Liability Partnership and has offices in New York, New York, which on its website purports to offer legal services to "Private Clients" in Wills, Trusts, and Estates matters.

4.      Plaintiff, Katherine St. John Haney ("Ms. Haney"), individually, is a citizen and resident of Nottoway County, Virginia; is the daughter of Muriel T. Farr; and is serving as a Personal Representative of the Estate of Muriel T. Farr currently in probate in Berkley County, South Carolina.

5.      Plaintiff, James Byrnes ("Mr. Byrnes"), individually, is a citizen and resident of Charleston County, South Carolina; is the son of Muriel T. Farr; and is serving as a Personal Representative of the Estate of Muriel T. Farr currently in probate in Berkley County, South Carolina.

6.      Plaintiffs, Katherine St. John Haney and James Byrnes, are two of Mrs. Farr's four children from a marriage prior to her marriage to Mr. C. Sims Farr. Ms. Haney and Mr.

Byrnes were designated in Mrs. Farr's Will and accepted the appointment as Personal Representatives of the Estate of Muriel T. Farr.

## JURISDICTION

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 in that the Plaintiff seeks to recover a sum or value in excess of $75,000.

8. Plaintiff, James Byrnes, is a citizen of the State of South Carolina, Plaintiff, Katherine St. John Haney, is a citizen of the Commonwealth of Virginia, and Defendants are citizens and a corporate domiciliary of the State of New York.

9. Based upon the act, actions, events and occurrences set forth herein, this Court has personal jurisdiction over Defendants based on their commission of tortious acts in South Carolina against Plaintiffs as further stated below.

## VENUE

10. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) in that this action was commenced in the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or pursuant to 28 U.S.C. § 1391(b)(3) in that the Defendants are subject to this Court's personal jurisdiction with respect to this action.

## FACTS

11. At least by the 1990's, Mr. Kavoukjian had accepted the legal representation of Ms. Muriel Tobin Byrnes Farr ("Mrs. Farr") with regard to providing legal advice and services concerning trusts and estate planning matters.

12. Mr. Kavoukjian served as counsel for Mrs. Farr for at least 10 years, during which Mr. Kavoukjian obtained and had access to confidential information concerning Mrs.

Farr's finances, which was used in developing her estate plans. For example, attached as **Exhibit 1** is a copy of a letter (without the voluminous enclosures) dated December 12, 2000, written by Mr. Kavoukjian to Mrs. Farr and her husband, in which Mr. Kavoukjian references the need to "update Muriel's will" and asking for "her comments" after reviewing her "estate planning documents."

13. Mr. Kavoukjian was in an attorney-client relationship with Mrs. Farr, which is necessarily a fiduciary relationship imbued with ultimate trust and confidence imposing a set of special and unique duties, including the duty to deal fairly, honestly, and with undivided loyalty to the client, as well as duties to maintain confidentiality, avoid conflicts of interest, and honor Mrs. Farr's interests over his own interests and over other parties' interests.

14. Mr. Kavoukjian was not permitted to knowingly reveal confidential information concerning his representation of Mrs. Farr or use such information to the disadvantage of Mrs. Farr or Mrs. Farr's estate, or use such information for the advantage of any third person.

15. Mr. Kavoukjian's obligation to maintain Mrs. Farr's confidences and loyalty continued after the client-lawyer relationship terminated.

16. After the client-lawyer relationship between Mrs. Farr and Mr. Kavoukjian terminated, Mrs. Farr retained a lawyer in South Carolina to prepare a new Last Will and Testament.

17. Mrs. Farr died in South Carolina on June 15, 2015, and Mrs. Farr's Last Will and Testament that had been prepared by the South Carolina lawyer was filed in the Probate Court for Berkeley County, South Carolina.

18. Neither the Last Will and Testament, nor any other estate planning document prepared for Mrs. Farr by Mr. Kavoukjian was filed in any jurisdiction at any time and, as a result, no estate planning document prepared by Mr. Kavoukjian was the subject of any controversy with any party.

19. Notwithstanding his client-lawyer relationship with Mrs. Farr and his continuing duties to maintain her confidences and loyalty, Mr. Kavoukjian accepted the representation of John Farr; C. Sims Farr, Jr., individually and as Co-Trustee of the C. SIMS FARR REVOCABLE TRUST AGREEMENT DATED MAY 6, 2005, AS AMENDED F/B/O VIRGINIA FARR RAMSEY; F. Randall Smith, as Co-Trustee of the C. SIMS FARR REVOCABLE TRUST AGREEMENT DATED MAY 6, 2005, AS AMENDED F/B/O VIRGINIA FARR RAMSEY (collectively "the Farr Claimants") with regard to pursuing the Farr Claimants' alleged claims against Mrs. Farr's estate.

20. On March 29, 2016, Mr. Kavoukjian filed in the Berkeley County Probate Court on behalf of the Farr Claimants a Statement of Creditor's Claim against the estate of his former client, Mrs. Farr. A copy of the Statement of Creditor's Claim signed and filed by Mr. Kavoukjian is included as **Exhibit 2**.

21. On July 28, 2016, Plaintiffs' probate counsel filed a Notice of Disallowance of Claim disallowing the Farr Claimants' claim that had been filed by Mr. Kavoukjian.

22. Mr. Kavoukjian remained involved in the representation of the Farr Claimants.

23. On August 19, 2016, Mr. Kavoukjian—in direct violation of his continuing duties of confidentiality and loyalty to Mrs. Farr—sent an email to another lawyer representing the Farr Claimants in which Mr. Kavoukjian disclosed confidential information related to his representation of Mrs. Farr. A copy of Mr. Kavoukjian's email in included as **Exhibit 3**.

24.     On August 29, 2016, the Farr Claimants filed a lawsuit in the Berkeley County Probate Court styled, <u>John Farr; C. Sims Farr, Jr., individually and as Co-Trustee of the C. Sims Farr Revocable Trust Agreement dated May 6, 2005, as amended f/b/o Virginia Farr Ramsey; F. Randall Smith, as Co-Trustee of the C. Sims Farr Revocable Trust Agreement dated May 6, 2005, as amended f/b/o Virginia Farr Ramsey vs. Katherine St. John Haney and James Byrnes, as Personal Representatives of the Estate of Muriel T. Farr</u>, Case No. 2015-ES-08-00550 ("the Probate Lawsuit").

25.     Mrs. Farr's estate and the Plaintiffs were embroiled in the Probate Lawsuit for years until it was resolved in February 2019 after 5 days of trial and after spending substantial funds in litigation expenses and legal fees.

26.     The Farr estate settled with the Farr Claimants by payment of $600,000 and incurring approximately $550,000 in legal fees, expert witness fees, and litigation expenses.

27.     Mr. Kavoukjian's involvement on behalf of the Farr Claimants in the Probate Lawsuit continued, upon information and belief, until the Probate Lawsuit was resolved.

28.     When the Farr Claimants approached Mr. Kavoukjian about pursuing claims against Mrs. Farr's estate, Mr. Kavoukjian should have declined the representation.

29.     Under the circumstances a reasonable and prudent lawyer should have concluded that there was a conflict of interest and a substantial risk that the confidential information obtained in Mr. Kavoukjian's prior representation of Mrs. Farr would materially advance the Farr Claimants' position in their claims against the estate of his former client, Mrs. Farr.

30.     Mr. Kavoukjian is liable to Mrs. Farr's estate as a direct and proximate result of the

damages Mrs. Farr's estate sustained resulting from Mr. Kavoukjian revealing confidential information obtained in the course of his representation of Mrs. Farr.

31. As a direct and proximate of Mr. Kavoukjian's breach of his fiduciary duties of confidentiality and loyalty to his former client, Plaintiffs, as Personal Representatives of Mrs. Farr's estate, were entangled in the Probate Lawsuit for years, which caused the Personal Representatives to expend hundreds of hours of time and resources that otherwise would not have occurred, and which caused the Estate to incur damages of approximately $1,050,000, all of which were substantially resulting from Mr. Kavoukjian's breach of his duties and other professional errors.

32. At all relevant times, Mr. Kavoukjian was either a Partner or an Associate of the Law Firm.

33. At all times relevant hereto, Mr. Kavoukjian acted as an agent for the Law Firm.

34. At all relevant times, the Law Firm acted by and through its employees and agents, including but not limited to Mr. Kavoukjian and Law Firm staff and personnel, who acted within the course and scope of their employment and/or agency with all implied, inherent, apparent and express authority to so bind Mr. Kavoukjian and the Law Firm as master and principal by any negligent, willful, wanton and reckless actions and/or omissions making the Law Firm vicariously liable for same under the principles and doctrines of non-delegable duty, corporate liability, apparent authority, agency, ostensible agency and/or *respondeat superior*.

35. The negligent acts, omissions, and liability of the Law Firm includes its own acts and/or omissions and the acts and omissions of its agents, principals, employees and/or servants, including but not limited to those by Mr. Kavoukjian, both directly and

vicariously, pursuant to principles and doctrines of non-delegable duty, corporate liability, apparent authority, agency, ostensible agency and/or *respondeat superior*.

## **FOR A FIRST CAUSE OF ACTION**
**(Breach of Fiduciary Duties)**

36. The foregoing factual and jurisdictional allegations are reiterated and realleged as though set forth verbatim.

37. At all relevant times, a client-lawyer relationship existed between Mr. Kavoukjian, on one hand as the lawyer, and Mrs. Farr, on the other as the client.

38. Mr. Kavoukjian owed fiduciary duties to Mrs. Farr.

39. Mr. Kavoukjian's fiduciary duties included the duties of confidentiality and loyalty, as well as the duty to act single-mindedly in preserving, protecting and advancing the rights and interests of Mrs. Farr.

40. Mr. Kavoukjian failed to meet the minimum standard of conduct and thereby breached his fiduciary duties of confidentiality and loyalty when Mr. Kavoukjian undertook the representation of the Farr Claimants and when he filed the Statement of Creditor's Claim on behalf of the Farr Claimants thereby allowing the Farr Claimants to proceed with the Probate Lawsuit.

41. Mr. Kavoukjian failed to meet the minimum standard of conduct and thereby breached his fiduciary duties to Mrs. Farr in such other particulars as the evidence in this case may demonstrate.

42. Mr. Kavoukjian's acts and omissions in breach of his fiduciary duties to Mrs. Farr were a substantial factor in causing financial harm to Mrs. Farr's estate, and as such Plaintiffs are entitled to recover actual damages, consequential damages, incidental damages, and pre-judgment interest, all in an amount to be more specifically proven at

trial.

43. As a direct and proximate result of Mr. Kavoukjian's carelessness, recklessness, and utter disregard of his fiduciary duties as noted above, Plaintiffs are entitled to recover punitive damages from Defendants.

44. Based on clear and serious breach of their fiduciary duties, and because Defendants knew of these duties and their various breaches of the same, Mr. Kavoukjian and the Law Firm should be ordered to disgorge any legal fees and other benefits obtained while in derogation of their duties.

45. WHEREFORE, Plaintiffs, Katherine St. John Haney and James Byrnes, as Personal Representatives of the Estate of Muriel T. Farr, pray for judgment on this cause of action against Defendants, Michael E. Kavoukjian, Esq. and WHITE & CASE, LLP, for actual, consequential, and incidental damages suffered, pre-judgment interest, for punitive damages, for disgorgement of legal fees and other benefits obtained by Defendants, and such other relief as the Court may deem reasonable and proper.

### FOR A SECOND CAUSE OF ACTION
**(Legal Professional Negligence)**

46. The foregoing factual and jurisdictional allegations are reiterated and realleged as though set forth verbatim.

47. At all relevant times, a client-lawyer relationship existed between Mrs. Farr, on the one hand as client, and Mr. Kavoukjian, on the other as the lawyer.

48. The scope of Mr. Kavoukjian's representation of Mrs. Farr was to provide legal services, counsel, and advice with regard to estate planning.

49. Mr. Kavoukjian owed professional duties to Mrs. Farr to competently provide estate planning legal advice, including maintaining all client confidences and remaining loyal to

Mrs. Farr's interests, even after her death.

50.     Mr. Kavoukjian breached his professional duties to Mrs. Farr by failing to maintain Mrs. Farr's client confidences and failing to remain loyal to Mrs. Farr's interests.

51.     Mr. Kavoukjian failed to meet the minimum standard of care thereby breaching professional duties to Mrs. Farr in other ways and by other such particulars as the evidence developed during discovery in this case may demonstrate.

52.     As a direct and proximate result of Mr. Kavoukjian's breach of professional duties, Mrs. Farr's estate suffered actual damages, prejudgment interest, and other actual, consequential, and incidental damages in an amount to be determined by the jury at the trial of this case.

53.     As a direct and proximate result of Mr. Kavoukjian's negligence, gross negligence, carelessness, recklessness, and utter disregard of his fiduciary and professional duties as noted above, Plaintiffs are entitled to recover punitive damages from Defendants.

54.     WHEREFORE, Plaintiffs, Katherine St. John Haney and James Byrnes, as Personal Representatives of the Estate of Muriel T. Farr, pray for judgment on this cause of action against Defendants, Michael E. Kavoukjian, Esq. and WHITE & CASE, LLP, for actual, consequential, and incidental damages suffered, pre-judgment interest, for punitive damages, and such other relief as the Court may deem reasonable and proper.

## **TRIAL BY JURY**

55.     Plaintiffs request and demand a jury trial on all claims and issues so triable.

## **EXPERT AFFIDAVIT**

56.     Pursuant to S.C. CODE ANN. § 15-36-100(B) (2006), filed with this Complaint and incorporated herein by reference as **Exhibit 4**, is the affidavit of Gregory B. Adams, J.D., LL.M., J.S.D., who has been recognized by the South Carolina Supreme Court as an expert on lawyer's ethics and professional responsibility matters, which specifies at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, Katherine St. John Haney and James Byrnes, as Personal Representatives of the Estate of Muriel T. Farr, pray for judgment against Defendants, Michael E. Kavoukjian, Esq. and WHITE & CASE, LLP, jointly and severally, for all actual damages, consequential damages, and incidental damages, for prejudgment interest, for disgorgement of legal fees and other benefits obtained, and for punitive damages, all in an amount to be more specifically proven at trial, and the costs of this action, and for such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

PENDARVIS LAW OFFICES, P.C.

s/ Thomas A. Pendarvis_____
Thomas A. Pendarvis (Fed. Id. 5785)
Christopher W. Lempesis, Jr. (Fed. Id. 11462)
710 Boundary Street, Suite 1-A
Beaufort, SC 29902
843.524.9500
Thomas@PendarvisLaw.com
Chris@PendarvisLaw.com

Counsel for Plaintiffs, Katherine St. John Haney and James Byrnes, as Personal Representatives of the Estate of Muriel T. Farr

Beaufort, South Carolina

July 26, 2019