# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Katherine St. John Haney and James Byrnes, as Personal Representatives of the Estate of Muriel T. Farr<br><br>     Plaintiffs,<br><br>v.<br><br>Michael E. Kavoukjian, Esq., and White & Case, LLP<br><br>     Defendants. | Civil Action No. 2:19-cv-2098-RMG<br><br>**ORDER AND OPINION** |

  Before the Court is a judgment on the pleadings filed by Plaintiffs Katherine St. John Haney and James Byrnes as Personal Representatives of the Estate of Muriel T. Farr. (Dkt. No. 16.) For the reasons set forth below, the motion is denied.

**I. Background**

  This is a breach of fiduciary duty and professional negligence action. Plaintiffs, Katherine St. John Haney and James Byrnes, are the children of Muriel Farr and now serve as the Personal Representatives of the Estate of Muriel T. Farr ("Plaintiffs"). Muriel Farr and Sims Farr, who are now deceased, were once married. Both had children from prior marriages. Defendants are Michael E. Kavoukjian, *Esq*. and White & Case, LLP ("Defendants"). At some point in time, Defendants represented Muriel Farr and Sims Farr in connection with their estate planning. (Dkt. No. 1 at ¶ 11–12; Dkt. No. 7 at ¶ 9.)

  Plaintiffs' claims of professional negligence and breach of fiduciary duty arise out of an underlying probate action. In the underlying probate action, the children of Sims Farr ("Farr Claimants") filed a Statement of Creditor's Claim against the Estate of Muriel T. Farr. (Dkt. No. 1 at ¶ 20; Dkt. No. 1-2) Defendant Kavoukjian arranged the filing of the Statement of Creditor's

Claim at the instruction of the claimants. (Dkt. No. 7 at ¶ 13; Dkt. No. 1-2.) The claim indicates the claimants sought a recovery of assets that were allegedly converted and transferred by fraud and misrepresentation. (Dkt. No. 1-2.) On August 29, 2016, the Farr Claimants sued the Estate of Muriel T. Farr in the Probate Court of Berkeley County, South Carolina, C/A No. 2015-ES-08-00550. (Dkt. No. 1 at ¶¶ 24–25.) Plaintiffs allege the underlying lawsuit was resolved in February 2019 when the parties settled, and the Estate of Muriel T. Farr paid the Farr Claimants $600,000.00. (*Id*. at ¶¶ 25–26.)

In the instant action, Plaintiffs allege Defendant Kavoukjian breached professional and fiduciary duties owed to Muriel Farr when he sent an email in 2016 to a third-party that allegedly represented the Farr Claimants and divulged confidential information obtained during his representation of Muriel Farr. (Dkt. No. 1 at ¶¶ 13, 14, 23; Dkt. No. 1-3.) Defendant Kavoukjian admitted he sent the email. (Dkt. No. 7 at ¶ 16.) The email related to Muriel Farr's tax returns and how she handled an IRA she inherited from Sims Farr. (Dkt. No. 1-3; Dkt. No. 16 at 8.) Plaintiffs allege Defendant Kavoukjian breached duties owed to Muriel Farr when he arranged the filing of the Statement of Creditor's Claim against her estate in 2016 and participated in the representation of the Farr Claimants to the detriment of her estate. (Dkt. No. 1 at ¶¶ 19, 20, 22, 27.)

In the Answer, Defendants dispute duties owed to Muriel Farr and deny any breach of duty or deviation from the standard of care. (Dkt. No. 7 at ¶¶ 10–11, 13, 16, 33.) Defendants assert they complied with their duties and raise the affirmative defense that their actions were justified and reasonable under the circumstances and in no way constitute actionable conduct. (Dkt. No. 7 at ¶¶ 23, 27, 33, 34, 46.)

On December 16, 2019, Plaintiffs filed a motion for judgment on the pleadings. (Dkt. No. 16.) Defendants filed a response in opposition (Dkt. No. 22) and Plaintiffs filed a reply. (Dkt. No. 25.) The motion is ripe for the Court's review.[1]

## II.   Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rule 12(c) motions "dispose of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further." *Lewis v. Excel Mech., LLC*, 2:13-CV-281-PMD, 2013 WL 4585873 at * 1 (D.S.C. Aug. 28, 2013) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1368 (3d ed. 2010)). A judgment on the pleadings is only warranted if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Id.* at * 2.

Rule 12(c) motions limit the court's review to the pleadings, *Abell Co. v. Balt. Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964), and "any documents and exhibits attached to and incorporated into the pleadings." *Lewis*, 2013 WL 4585873 at * 1 (citing *Eagle Nation, Inc. v. Mkt. Force, Inc.*, 180 F. Supp. 2d 752, 754 (E.D.N.C. 2001)). Like motions filed under Rule 12(b)(6), motions pursuant to Rule 12(c) call for the pleadings to be construed in the light most favorable to the non-moving party. *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d

---

[1] On a Rule 12(c) motion, "only the pleadings are considered...."*A.S. Abell Co. v. Baltimore Typographical Union,* 338 F.2d 190, 193 (4th Cir.1964). The court may, however, consider the documents and exhibits attached to and incorporated into the pleadings themselves without converting the motion into one for summary judgment. *See Eagle Nation, Inc. v. Market Force, Inc.,* 180 F.Supp.2d 752, 754 (E.D.N.C. 2001.) When evaluating Plaintiffs' motion for judgment on the pleadings, the Court will consider the exhibits attached to and incorporated into the pleadings.

401, 405–06 (4th Cir. 2002). Accordingly, "[t]he court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *Lewis*, 2013 WL 4585873, at * 2 (quoting *John S. Clark Co., Inc. v. United Nat'l Ins. Co.*, 304 F. Supp. 2d 758, 763 (M.D.N.C. 2004)).

### III.     Discussion

Plaintiffs' move for judgment on the pleadings as to Defendants' liability for breach of fiduciary duties and professional negligence. In their motion, Plaintiffs represent that "Defendants' Answer admits all facts alleged in the Complaint establishing their breach of fiduciary duties of confidence and loyalty they owed their former client [Muriel Farr] and her estate." *Id.* at 1. Upon a review of the pleadings, and contrary to Plaintiffs' representations, Defendants deny Plaintiffs' allegations they owed fiduciary or professional duties to Muriel Farr or that they breached any breach of duty, standard of care, or were negligent. Defendants affirmatively assert they complied with their duties. (Dkt. No. 7 at ¶¶ 2, 9, 10, 11, 13, 16, 19, 20, 23, 33, 34.)

Plaintiffs bring two claims for breach of fiduciary duty and professional negligence. To establish a claim for breach of fiduciary duty, Plaintiff must show: (1) the existence of a fiduciary relationship; (2) a breach of that duty; and (3) damages proximately resulting from the wrongful conduct of the defendant. *Wellin v. Wellin*, No. 2:13-CV-1831-DCN, 2014 WL 234216, at *5 (D.S.C. Jan. 22, 2014) (citing *Turpin v. Lowther,* 745 S.E.2d 397, 401 (S.C. Ct. App. 2013).

To establish a claim for legal malpractice, a plaintiff must show: (1) the existence of an attorney-client relationship; (2) a breach of duty by the attorney; (3) damage to the client; and (4) the damage was proximately caused by the breach of duty. *Samuel v. Dickey*, No. 4:12-CV-2277-TLW, 2015 WL 1297923, at *7 (D.S.C. Mar. 23, 2015) (citing *Holy Loch Distribs., Inc. v. Hitchcock,* 531 S.E.2d 282, 285 (2000)).

Plaintiffs' claims implicate duties that arise out of a fiduciary relationship. In South Carolina, an attorney-client relationship is, "by its very nature a fiduciary relationship" marked by a "delicate, exacting, and confidential character, requiring a high degree of fidelity and good faith." *See Spence v. Wingate*, 716 S.E.2d 920, 926 (S.C. 2011). South Carolina Rules of Professional Conduct ("RPC"), Rule 1.6 states that lawyers owe a duty of confidentiality to their clients and "(a) shall not reveal information relating to the representation of a client unless the client gives informed consent, or the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by paragraph (b).[2] *See* S.C. App. Ct. R. RULE 407 RPC 1.6(a).

Plaintiffs' claims also implicate a lawyer's duty of loyalty owed to clients. The RPC generally prohibits lawyers from revealing information related to a lawyer's prior representation of a former client. Rule 1.9 reads in pertinent part:

> "(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent confirmed in writing . . .
>
> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter: (1) use information relating to the representation to the disadvantage of the former client except as these Rules would provide with respect to a client, or when the information has become generally known; or (2) reveal information relating to the representation except as [the] Rules would permit or require with respect to a client. "

*See* S.C. App. Ct. R. RULE 407 RPC 1.9(a)(c)(1).

---

[2] Rule 1.6(b) permits a lawyer to disclose information related to the representation of a client in numerous circumstances. Relevant exceptions include: (4) to prevent, mitigate or rectify substantial injury to the financial interests or property of another that is reasonably certain to result or has resulted from the client's commission of a crime or fraud in furtherance of which the client has used the lawyer's services; (7) to comply with other law or a court order. *See* S.C. App. Ct. R. RULE 407 RPC 1.6(b)(b)(4)(7)

In the Complaint, Plaintiffs allege a fiduciary relationship arose out of Muriel Farr and Defendant Kavoukjian's lawyer-client relationship. The fiduciary relationship allegedly imposed duties to "deal fairly, honestly, and with undivided loyalty to the client, as well as to maintain confidentiality, avoid conflicts of interest, and honor [Muriel] Farr's interests over [Defendants'] interest and over other parties' interests." (Dkt. No. 1 at ¶ 13.) In addition, Plaintiffs allege Defendant Kavoukjian owed Muriel Farr professional duties as his former client to "maintain all client confidences and remain loyal to [her] interests even after death." (*Id.* at ¶ 49.)

In the Answer, Defendants admit Defendant Kavoukjian owed Muriel Farr "certain professional duties" pursuant to a joint representation of Sims Farr and Muriel Farr during "certain limited periods of time." (Dkt. No. 7 at ¶ 10.) Yet, Defendants explicitly deny the "nature and scope of the duties the Plaintiffs allege." (*Id.* at ¶¶ 10, 27.) Further, Defendants express "at all times relevant to the Complaint, the Defendants complied with their professional duties, including but not limited to those set forth in Paragraph 33 of the Answer." [3] (*Id.* at ¶ 10.) Based on the pleadings, the parties dispute the duties Defendants owed Muriel Farr and whether Defendants breached any duty or deviated from any standard of care.

Plaintiffs allege Defendant Kavoukjian breached duties of confidentiality and loyalty when he emailed a third-party information relating to the Estate of Muriel T. Farr and allegedly disclosed confidential information. (Dkt. No. 1 at ¶ 23.) Defendant Kavoukjian admits he sent the email but denies the remaining allegations. (Dkt. No. 7 at ¶ 16.) Thus, the pleadings reveal there is a dispute

---

[3] In Paragraph 33 of the Answer, Defendants assert that Defendants complied with their legal duties at all times relevant to the Complaint including, but not limited to those under "South Carolina Appellate Court Rule 407, Rule 1.7; SCACR, 407, Rule 1.6(b)(4); SCACR 407, Rule 1.6(c); Federal Rule of Evidence 502(d)(2); Restatement (Third) of the Law Governing Lawyers, § 81A; and Restatement (Third) of the Law Governing Lawyers, § 60." (Dkt. No. 7 at ¶ 33.)

of material fact as to whether Defendant Kavoukjian breached any duty or deviated from any standard of care when he sent the email. Also in dispute is whether the transmission amounted to a disclosure of confidential information.

Plaintiffs allege Defendant Kavoukjian breached duties of confidentiality and loyalty when he filed a Statement of Creditor's Claim against the Estate of Muriel T. Farr at the direction of the Farr Claimants. (Dkt. No. 16 at 13.) (Dkt. No. 1 at ¶¶ 19–20.) The breach allegedly continued when he continued involvement on behalf of the Farr Claimants until the underlying probate action was resolved. (Dkt. No. 1 at ¶ 22, 27.) Defendants admit Defendant Kavoukjian filed the Statement of Creditor's Claim upon instruction from the claimants. (Dkt. No. 7 at ¶ 13.) Defendants deny Defendant Kavoukjian's continued involvement in the underlying probate action on behalf of the Farr Claimants. (*Id.* at ¶¶ 13, 15, 18.) Further, Defendants do not admit they owed duties to Muriel Farr. (*Id.* at ¶ 13.) Based on the pleadings, there is a dispute of material fact as to whether Defendants owed any duty to Muriel Farr when Defendant Kavoukjian filed the Statement of Creditor's Claim and whether Defendants breached any duty or deviated from any standard of care.

The parties' attachments to the pleadings also demonstrate that issues of material fact exist as to whether Defendants breached any duty or deviated from any standard of care by allegedly participating in the underlying probate action on behalf of the Farr Claimants. (Dkt. Nos. 1-1, 1-2, 1-3, 1-4; Dkt. Nos. 7, 7-1.) Plaintiffs attach the Affidavit of Doctor Gregory B. Adams, an Emeritus Professor of Law at the University of South Carolina School of Law with an expertise in lawyer ethics, fiduciary duties, and professional responsibility. (Dkt. No. 7-4 at 10.) He opined Defendants violated the standard of care and professional and fiduciary duties owed to Muriel Farr when he represented the Farr Claimants, filed a Statement of Creditor's Claim against the Estate of Muriel

T. Farr, and divulged confidential information regarding the Estate of Muriel T. Farr to a third-party representing the Farr Claimants. (*Id*. at 6–7, 9–10.)

On the other hand, Defendants' attach an order entered in the underlying probate action. The order denied defendants' motion to quash the Farr Claimants' subpoena duces tecum because the documents sought were not protected by attorney-client privilege. (Dkt. No. 7-1.) Defendants were ordered to disclose documents relating to estate planning representation of Sims Farr and Muriel Farr from 2007 – 2015. (*Id*. at 1.) The Affidavit of Robert M. Wilcox, Dean of the University of South Carolina School of Law is attached with the order. He was hired by the Farr Claimants in the underlying probate action. (Dkt. No. 7-1 at 1.) He opined the documents sought in the subpoena duces tecum were not privileged because Muriel Farr and Sims Farr received joint representation from Defendants and attorney-client privilege was not applicable to the successors of Muriel Farr and Sims Farr. (*Id*. at 5, 10.) Thus, the attachments to the pleadings demonstrate there are issues of material fact as to what duties Defendants owed Muriel Farr and whether Defendants breached any duty or deviated from any standard of care.

Whether the law recognizes a particular duty is an issue of law to be decided by the court. *Spence*, 716 S.E.2d at 926. In a professional malpractice action, "ethical duties may inform the standard of care, [but] they do not establish in all instances the duty in and of themselves in the absence of expert testimony." *Smith v. Haynsworth, Marion, McKay & Geurard*, 472 S.E.2d 612, 614 (1996); *see also* S.C. App. Ct. R. RULE 407 RPC preamble (stating that a "[v]iolation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached.") With these principles in mind, it is clear the parties dispute numerous issues of material fact that would establish what duties Defendants owed Muriel Farr.

On a 12(c) motion for judgment on the pleadings, the court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *Lewis*, 2013 WL 4585873, at * 2 (quoting *John S. Clark Co., Inc. v. United Nat'l Ins. Co.*, 304 F. Supp. 2d 758, 763 (M.D.N.C. 2004)). Considering Defendants' Answer and drawing all reasonable inferences in a light most favorable to Defendants as the non-moving party, issues of material fact exist that make it premature for the Court to determine which duties Defendants owed Muriel Farr and whether Defendants breached any duty or deviated from any standard of care. *Scranton Times, L.P. v. Wilkes-Barre Pub. Co.*, 2009 WL 3100963, *2 (M.D. Pa. 2009) (a court should only grant a motion for judgment on the pleadings if it is clear that the merits of the controversy can be fully and fairly decided in this summary manner.) As such, Plaintiffs' motion for judgment on the pleadings is denied.

**IV.     Conclusion**

For the foregoing reasons, Plaintiffs' motion for judgment on the pleadings is **DENIED** (Dkt. No. 16).

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel_____
Richard M. Gergel
United States District Judge

May 1, 2020
Charleston, South Carolina