UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kathy Haney and James Byrnes, as Personal Representative of the Estate of Muriel T. Farr,<br><br>Plaintiffs,<br><br>vs.<br><br>Michael Kavoukjian, Esq. and WHITE & CASE, LLP,<br><br>Defendants. | Civil Action No. 2:19-cv-2098-RMG<br><br><br>**PLAINTIFFS' NOTICE OF DEPOSITION OF DEFENDANT, WHITE & CASE, LLP FED. R. CIV. P. 30(b)(6)** |

TO: D. JAY DAVIS, ESQ. AND JAMES E. SCOTT, IV, ESQ., COUNSEL FOR DEFENDANTS:

PLEASE TAKE NOTICE, that pursuant to FED. R. CIV. P. 30(b)(6), Plaintiffs will take the stenographic video deposition of WHITE & CASE, LLP ("WHITE & CASE") via Zoom video conference beginning at 10:00 am on a mutually agreed-upon date, or May 21, 2020, if an agreement cannot be reached for a mutually convenient date, and thereafter by adjournment until the same shall be completed.

Pursuant to FED. R. CIV. P. 30(b)(6), WHITE & CASE is required to designate and fully prepare one or more officers, directors, managing agents, or other persons who consent to testify on behalf of WHITE & CASE and whom WHITE & CASE will fully prepare to testify regarding all information that is known or reasonably available to WHITE & CASE's organization regarding the following designated matters:



EXHIBIT 31-1

## Matters of Examination

1. All facts and documents upon which WHITE & CASE bases its contentions and opinions set forth in Paragraph 33 of its Answer to Plaintiffs' Complaint asserting that:

   *The Defendants, at all times relevant to the Complaint, complied with their legal duties, including but not limited to those under South Carolina Appellate Court Rule 407, Rule 1.7; SCACR 407, Rule 1.6(b)(4); SCACR 407, Rule 1.6(c); Federal Rule of Evidence 502(d)(2); Restatement (Third) of the Law Governing Lawyers, § 81A; and Restatement (Third) of the Law Governing Lawyers, § 60.*

2. All facts and documents upon which WHITE & CASE bases its contentions and opinions set forth in Paragraph 34 of its Answer to Plaintiffs' Complaint asserting that:

   *The Plaintiff's claims are barred by the doctrine of waiver, laches, estoppel, and unclean hands. E.g., Exhibit A, Consent Order Denying Motion to Quash, with attached affidavit of Dean Wilcox and Opinion Letter of Dean Wilcox.*

3. All facts and documents upon which WHITE & CASE bases its contentions and opinions set forth in Paragraph 35 of its Answer to Plaintiffs' Complaint asserting that:

   *The Plaintiff's claims are barred by res judicata, judicial estoppel, and collateral estoppel. E.g., Exhibit A.*

4. All facts and documents upon which WHITE & CASE bases its contentions and opinions set forth in Paragraph 36 of its Answer to Plaintiffs' Complaint asserting that:

   *The Plaintiffs' claims, in whole or in part, should be dismissed for failure to mitigate damages.*

5. All facts and documents upon which WHITE & CASE bases its contentions and

opinions set forth in Paragraph 37 of its Answer to Plaintiffs' Complaint asserting that:

> *The Plaintiffs' Complaint is barred by the applicable statute of limitations.*

6. All facts and documents upon which WHITE & CASE bases its contentions and opinions set forth in Paragraph 38 of its Answer to Plaintiffs' Complaint asserting that:

> *Any alleged deviations by the Defendants, which are each expressly denied, from the standard of care did not proximately cause any injury to the Plaintiffs.*

7. All facts and documents upon which WHITE & CASE bases its contentions and opinions set forth in Paragraph 39 of its Answer to Plaintiffs' Complaint asserting that:

> *Upon information and belief, the Defendants specifically plead comparative negligence by the Plaintiffs as an affirmative defense. The Defendants would assert that the Plaintiffs' damages, if any, should be proportionately reduced or barred under the doctrine of comparative negligence if such evidence is found as the case proceeds.*

8. All facts and documents upon which WHITE & CASE bases its contentions and opinions set forth in Paragraph 40 of its Answer to Plaintiffs' Complaint asserting that:

> *Upon Information and belief, the Defendants would allege and show that the Plaintiffs' injuries and damages, if any, were proximately caused by the preceding, superseding, and/or intervening acts, occurrences, events, transactions, and/or circumstances which were beyond the control of the Defendants, such that the preceding, superseding, and/or intervening acts, occurrences, events, transactions, and/or circumstances are the proximate cause of the Plaintiffs' damages, if any, as a matter of law.*

9. All facts and documents upon which WHITE & CASE bases its contentions and opinions set forth in Paragraph 41 of its Answer to Plaintiffs' Complaint asserting that:

> *The Plaintiffs lack legal standing to pursue some or all of the claims asserted against these Defendants.*

10. All facts and documents upon which WHITE & CASE bases its contentions and opinions set forth in Paragraph 42 of its Answer to Plaintiffs' Complaint asserting that:

> *Upon information and belief, the Plaintiffs' claims are barred because any loss or damage sustained by the Plaintiffs, if any, was proximately caused or contributed to by persons or entities other than the Defendants, over which the Defendants had no authority or control.*

11. All facts and documents upon which WHITE & CASE bases its contentions and opinions set forth in Paragraph 43 of its Answer to Plaintiffs' Complaint asserting that:

> *The Defendants exercised independent and reasonable professional judgment at all relevant times.*

12. All facts and documents upon which WHITE & CASE bases its contentions and opinions set forth in Paragraph 44 of its Answer to Plaintiffs' Complaint asserting that:

> *The Defendants specifically plead as an affirmative defense to the allegations in the Complaint any other matter constituting an affirmative defense which may arise and develop as discovery in this case proceeds.*

13. All facts and documents upon which WHITE & CASE bases its contentions and opinions set forth in Paragraph 45 of its Answer to Plaintiffs' Complaint asserting

that:

> *The Plaintiffs' allegations assume obligations non-existent, not contracted for, waived, and/or outside any agreement or relationship of the parties.*

14. All facts and documents upon which WHITE & CASE bases its contentions and opinions set forth in Paragraph 46 of its Answer to Plaintiffs' Complaint asserting that:

> *Any alleged actions on the part of the Defendants with relation to the events described in the Complaint were justified and reasonable under the circumstances and in no way constitute any actionable conduct.*

15. All facts and documents upon which WHITE & CASE bases its contentions and opinions set forth in Paragraph 47 of its Answer to Plaintiffs' Complaint asserting that:

> *The Plaintiffs lack privity with the Defendants.*

16. All facts and documents upon which WHITE & CASE bases its contentions and opinions set forth in Paragraph 48 of its Answer to Plaintiffs' Complaint asserting that:

> *The Plaintiffs' claims are precluded, in whole or part, by virtue of the Plaintiffs' and their agents' and predecessors' and Muriel Farr's own breaches of any material obligations alleged in the Complaint.*

### WHITE & CASE's Duties and Obligations for this Deposition

WHITE & CASE must produce a knowledgeable witness about the facts, documents, issues, and any designations of documents referenced in this Notice. Complying with FED. R. CIV. P. 30(b)(6) may require the designation of more than one

person to respond to the areas of inquiry stated in this Notice. For this Notice and/or the requested deposition, please consider these precedential cases to be a summary of the requirements applicable to WHITE & CASE's corporate designee(s).

Answers and testimony given by WHITE & CASE's designee(s) bind WHITE & CASE. See Covol Fuels No. 4, LLC v. Pinnacle Min. Co., LLC, 785 F.3d 104, 113 n.13 (4th Cir. 2015); Ethox Chem., LLC v. Coca-Cola Co., No. 6:12-CV-01682-TMC, 2014 WL 2719214, at *2 (D.S.C. June 16, 2014) ("It follows that, in order to comply with the rule, the corporation has an affirmative duty to ensure that its designee has knowledge of all information on the noticed topics reasonably available to the corporation and is prepared to provide complete, binding answers on that information."); Career Counseling, Inc. v. Amsterdam Printing & Litho, Inc., No. 3:15-CV-05061-JMC, 2018 WL 3037106, at *7 (D.S.C. June 19, 2018).

The corporate designee need not have firsthand knowledge of the events in question, but to make the deposition meaningful, the designee must be prepared to provide "complete, knowledgeable, and binding answers on behalf of the corporation." Marker v. Union Fidelity Life Inc. Co., 125 F.R.D. 121, 126 (M.D.N.C. 1989). See also, In re: Vitamins Antitrust Litig., 216 F.R.D.168 (D.D.C. 2003). The designee's preparation should include a review of prior fact witness deposition testimony and documents and deposition exhibits, even if that review would be burdensome. Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co., Inc., 201 F.R.D. 33, 36-37 (D. Mass. 2001). The primary objective of discovery is to ensure that lawsuits are decided by what the facts reveal, not by what facts are concealed. In Re Anonymous Member of the S.C. Bar, 346 S.C. 177, 193, 552 S.E.2d 10, 18 (2001).

Where FED. R. CIV. P. 30(b)(6) depositions are noticed after previous corporate depositions have been taken and the FED. R. CIV. P. 30(b)(6) notice includes topics partially covered in the previous corporate depositions, the courts have denied motions for protective orders seeking preclusion or limitation on the later FED. R. CIV. P. 30(b)(6) deposition. See e.g., Foster-Miller, Inc. vs. Babcock & Wilcox Canada, 201 F.3d 1 (1st Cir. 2000) (explaining the burden is on company to determine best designee to testify for corporation and prior deposition of corporate fact witness did not preclude FED. R. CIV. P. 30(b)(6) deposition). The case law is also clear that FED. R. CIV. P. 30(b)(6) cannot be used to limit was is asked of the designated witness at a deposition. King v. Pratt & Whitney, 161 F.R.D. 475 (S.D. Fla. 1995).

The descriptions and/or topics within the FED. R. CIV. P. 30(b)(6) notice simply identifies the minimum to which a witness must be prepared to testify, not the maximum. Detoy v. City & County of San Francisco, 196 F.R.D. 362, 366 (N.D. Cal. 2000); King v. Pratt & Whitney, 161 F.R.D. at 475. Under South Carolina law, generally, evidence objected to shall be taken subject to objection. Instructions by deponent's counsel on how to answer questions during a deposition are improper. See Local Rule 30.04 (D.S.C.). Finally, if an examining party asks a question arguably outside the scope of the matters described in the Notice, the general provisions of Rule 26(b)(1), SCRCP would apply. ("Parties may object discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action").

### **Opinions**

F<small>ED</small>. R. C<small>IV</small>. P. 30(b)(6) requires that an organization "must not only testify about facts within [its] knowledge, but also its subjective beliefs and opinions … its interpretation of documents and events." <u>U.S. v. Taylor</u>, 166 F.R.D. 356, 361-63 (M.D.N.C. 1996) <u>affirmed</u>, 166 F.R.D. 367 (M.D.N.C. 1996).

### **Knowledge of Organization**

F<small>ED</small>. R. C<small>IV</small>. P. 30(b)(6) is intended to prevent serial depositions of various organizational witnesses without the proper knowledge and to eliminate "bandying," which is when several people are deposed but each disclaims knowledge of facts clearly known to persons in the organization and thereby known by the organization itself. F<small>ED</small>. R. C<small>IV</small>. P. 30(b)(6), Advisory Committee Note: 1970 Amendment. "[T]he purpose of a Rule 30(b)(6) deposition is to get answers on the subject matter described with reasonable particularity by the noticing party, not to simply get answers limited to what the deponent happens to know." <u>Alexander v. F.B.I.</u>, 186 F.R.D. 148, 152 (D.D.C. 1999). The testimony elicited at the F<small>ED</small>. R. C<small>IV</small>. P. 30(b)(6) deposition represents the knowledge of the corporation, not the individual deponents. <u>U.S. v. Taylor</u>, 166. F.R.D. 356 (M.D.N.C. 1996). "[I]f it becomes obvious during the course of a deposition that the designee is deficient, the [organization] is obligated to provide a substitute." <u>Prokosch v. Catalina Lighting</u>, 193 F.R.D. 633 (D. Minn. 2000).

### **Duty To Prepare**

An organization cannot avoid its F<small>ED</small>. R. C<small>IV</small>. P. 30(b)(6) obligations by "sticking its head in the sand," refusing to look for the answers, and then saying it does not know the answer. <u>In re Independent Service Orgs Antitrust Litig.</u>, 168 F.R.D. 651, 653 (D.

Kan.1996). If the representative(s) cannot testify as to the corporation's collective information on the matters requested, then the corporation and/or its attorneys must collect the information and prepare the representative(s) so that the representative(s) can give complete, knowledgeable, and binding testimony. Starlight Int'l Inc. v. Herlihy, 186 F.R.D. 626, 638 (D. Kan. 1999). A thorough, "reasonable" investigation may require an organization to rely on business records, other documents, interviews with present and former employees. U.S. v. Taylor, 166 F.R.D. at 361.

Imposing a duty to prepare its representative(s) ensures that an organization will not ambush an opponent by conducting half-hearted inquiry before the deposition but a thorough and vigorous one before trial. Id. at 362. "If that preparation means tracking much the same investigative ground that counsel and the risk management / peer review committee have already traversed, but independently of that investigation, so be it." Wilson v. Lakner, 228 F.R.D. 524 (D. Md. 2005). The company must produce, a knowledgeable deponent competently prepared to fully and responsibly address the questions posed by the requesting party. Prokosch v. Catalina Lighting, 193 F.R.D. 633 (D. Minn. 2000). "Defendant must prepare deponents by having them review prior fact witness deposition testimony as well as documents and deposition exhibits." Id. Unless it can provide that the information was not known or was inaccessible, a corporation cannot later proffer new or different allegations that could have been made at the time of the FED. R. CIV. P. 30(b)(6) deposition. Rainey v. American Forest & Paper Assoc., 26 F. Supp. 2d 82 (D.DC. 1998). Defendant will be precluded from offering any testimony at trial on the subjects, which its designee was unable or unwilling to testify about at the FED. R. CIV. P. 30(b)(6) deposition. QBE v. Jorda, 277 F.R.D. 676 (S.D. Fla. 2012).

### Areas of Inquiry

Areas of inquiry seek the discovery of facts and the source of information that are clearly relevant and discoverable. BEOC v. Caesars Entertainment, Inc., 237 F.R.D. 428, 434 (D. Nev. 2006). "A party which intends to assert claims and defenses in litigation must adequately prepare an individual to testify as to those claims and defenses." In Re Classicstar Mare Lease Litigation, 2009 WL1313311 (E.D. KY. 2009). Discovery of facts and the source of information about the defendants' claims and defenses are relevant and discoverable. EEOC v. Caesars Entertainment. Inc., 237 F.R.D. 534, 541 (D. Nev. 2008). "Clients cannot refuse to disclose facts which their attorneys conveyed to them and which the attorneys obtained from independent sources." Id. FED. R. CIV. P. 30(b)(6) cannot be used to limit what is asked of a designated witness at a deposition. Rather, the Rule simply defines a corporation's obligations regarding whom they must produce for such a deposition and what that witness must be able to answer. King v. Pratt & Whitney, 161 F.R.D. 475, 476 (S.D. Fla. 1995). FED. R. CIV. P. 30(b)(6) is not a limitation -- 30(b)(6) defines minimum, not maximum scope of inquiry -- and Rule 26(b)(1) seeks anything leading to relevant information. Id.

### No Objection If Difficult to Prepare

An organization cannot simply object to a FED. R. CIV. P. 30(b)(6) deposition because the required investigation would be "difficult" or "time consuming." Buycks-Robertson v. Citibank Fed. Sav. Bank, 162 F.R.D. 338, 343 (N.D. Ill. 1995). Even if corporate documents are voluminous and the review of those documents would be burdensome, a representative is still required to review them to prepare for the deposition; such preparation is necessary because the individuals so deposed must testify to the

knowledge of the corporation, not the individual.  See Calzaturficio S.C.A.R.P.A, s,p.a. v. Fabiano Shoe Co., 201 F.R.D. 33 (D.Mass.2001).

### Sanctions

Failure to provide knowledgeable designees who can answer on behalf of Defendant shall be treated as contempt of court under Rule 37(b), and in such a circumstance Defendant's designee(s)and counsel may be jailed until the matters are testified to properly.  Pioneer Drive, LLC v. Nissan, 262 F.R.D. 552 (D.MX. 2009).  Preparing a designated witness with only the self-serving half of the story that is the subject of his testimony is not an act of good faith.  Sciarietta v. Lincoln Nat. Fus. Co., No.13-12559 (11th Cir. 2015).  Instructions not to respond that neither shielded a privilege nor supplied time to apply for a protective order were unprofessional and violated the Federal Rules of Civil Procedure and the ethical rule. Redwood v. Dobson, 476 F.3d 462 (7th Cir. 2007).

### Former Employees

If the corporation no longer employs individuals with memory of distant events or such individuals are deceased, this still does not relieve the corporation from preparing its designee(s) for the deposition of the corporation to extent matters are reasonably available, whether from documents, past employees, or other sources; while the corporation may plead lack of memory, if it wishes to assert positions based on testimony from third parties, or their documents, the designee still must present opinions as to why the corporation believes the facts should be so construed. U.S. v. Taylor, 166 F.R.D.at 361.

### **More Than One Designee**

The corporation must designate more than one deponent if it would be necessary to do so to respond to the areas of inquiry specified with reasonable particularity. Alexander v. F.B.T., 186 F.R.D. 148, 151 (D.D.C. 1999). "The corporation then must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation." Marker v. Union Fidelity Life, Inc., 125 F.R.D.121 (M.D.N.C. 1989).

### **TABLE OF DEFINITIONS / ABBREVIATIONS**

This section defines various words and phrases in this Notice. This information is provided to clarify the means of terms in this Notice to assist WHITE & CASE in understanding the objectives of Plaintiff's discovery efforts, and to help locate and furnish the information and materials.

1. "WHITE & CASE, LLC" or "WHITE & CASE" - Refers to WHITE & CASE, LLC, its subsidiaries, divisions, or any other entity (by whatever name and/or denomination),which is/was an owner, a predecessor or successor in interest, including any entity which may have merged or consolidated with WHITE & CASE. WHITE & CASE's designee may also be asked questions potentially known by another party, other contracting entities, or their agents or employees. By acceptance of this Notice, and production of a responsive witness thereto. WHITE & CASE acknowledges it will produce someone knowledgeable about such matters. To the extent any other party, agent, or employee of WHITE & CASE can provide answers or responses unknown to WHITE & CASE's designated representative, be prepared to explain why that is the case.

2. "**Mr. Kavoukjian**" - Refers to Michael Kavoukjian, Esq.

3. "**Plaintiffs**" - Refers to Kathy Haney and James Byrnes, as Personal Representative of the Estate of Muriel T. Farr.

4. "**Employees**" or "**Agents**" - Refers to WHITE & CASE's agent(s), contractor(s), employee(s), or any other representative(s) who perform work on behalf of or to further WHITE & CASE's interests, including its attorneys and insurance carriers.

5. The words "**writing**" and "**recording**" shall be defined under Federal Rules of Evidence Rule 1001(a) and (b), which specifically includes all electronic communications and electronically recorded information such as word processing files, e-mails, and computer / network backup media.

6. The term "**photograph**" shall be defined under Federal Rules of Evidence Rule 1001(c).

7. Where originals and/or non-identical copies are not available, words "**writing**" and "**recording**" also mean identical copies of original writing or recording and copies of non-identical copies.

8. "**Information**" - This term should include reference to both facts and applicable principles. This word should not be construed to be limited to any method of acquisition or compilation and should, therefore, be construed to include oral information and documents or other tangible objects.

        Respectfully submitted,

        PENDARVIS LAW OFFICES, P.C.

        <u>s/ Thomas A. Pendarvis</u>
        Thomas A. Pendarvis (Fed. Id. 5785)
        Christopher W. Lempesis, Jr. (Fed. Id. 11462)
        710 Boundary Street, Suite 1-A
        Beaufort, SC 29902
        843.524.9500
        Thomas@PendarvisLaw.com
        Chris@PendarvisLaw.com

        *Counsel for Plaintiffs, Kathy Haney and James Byrnes, as Personal Representative of the Estate of Muriel T. Farr*

Beaufort, South Carolina

April 22, 2020

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kathy Haney and James Byrnes, as Personal Representative of the Estate of Muriel T. Farr,<br><br>                            Plaintiffs,<br><br>vs.<br><br>Michael Kavoukjian, Esq. and WHITE & CASE, LLP,<br>         Defendants. | Civil Action No. 2:19-cv-2098-RMG<br><br>**CERTIFICATE OF SERVICE** |

I, Sara E. O'Connor, paralegal for Pendarvis Law Offices, PC, hereby certify that I have served the documents listed below upon all counsel of record <u>by e-mailing only</u>, to said counsel at the following address:

>D. Jay Davis, Esq.
>James E. Scott, IV, Esq.
>YOUNG CLEMENT RIVERS, LLP
>jdavis@ycrlaw.com
>jscott@ycrlaw.com

**<u>Documents Served</u>**:
- **PLAINTIFFS' NOTICE OF DEPOSITION OF DEFENDANT, WHITE & CASE, LLP (Pursuant to FED. R. CIV. P. 30(b)(6))**

_____
Sara E. O'Connor

Beaufort, South Carolina

April 22, 2020