UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Katherine St. John Haney and James P. Byrnes, as Personal Representatives of the Estate of Muriel T. Farr,<br><br>Plaintiffs,<br><br>vs.<br><br>Michael E. Kavoukjian, Esq. and WHITE & CASE, LLP,<br><br>Defendants. | Civil Action No. 2:19-cv-2098-RMG<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT WHITE & CASE, LLP'S MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(C) FROM PLAINTIFFS' SECOND (SIC.) RULE 30(B)(6) NOTICE OF DEPOSITION** |

TO: D. JAY DAVIS, ESQ. AND KATE C. METTLER, ESQ., COUNSEL FOR DEFENDANTS:

Plaintiffs, Katherine St. John Haney and James P. Byrnes, as Personal Representatives of the Estate of Muriel T. Farr, respectfully submit this memorandum opposing the "Motion for Protective Order Pursuant to FED. R. CIV. P. 26(c) from Plaintiffs' Second (sic.) Rule 30(b)(6) Notice of Deposition" (ECF #50) filed on behalf of Defendant, WHITE & CASE, LLP ("White & Case").

On April 22, 2020, Plaintiffs' served and this Court later directed White & Case appear at a FED. R. CIV. P. 30(b)(6) deposition ("the April 22 Deposition Notice") to testify on the defenses and affirmative defenses White & Case asserted in its Answer (ECF #7). On September 27, 2020, Plaintiffs served White & Case with a FED. R. CIV. P. 30(b)(6) deposition ("the September 27 Deposition Notice") on *new* recently discovered matters related to an alleged updated conflict of interest systems that White & Case publicly claimed it was using. After a court in the United Kingdom in 2014 found White & Case and its lawyers had violated conflict of interest rules in

disclosing or potentially disclosing confidential information belonging to one client group to another adverse client group and <u>before</u> Mr. Kavoukjian's filing a claim against the Estate of his and White & Case's former client in March 2016, White & Case publicly announced it was using an updated conflict of interest system.  Plaintiffs discovered this new information about White & Case and its lawyers' ethical improprieties within a month after the first Rule 30(b)(6) deposition of White & Case and a few days after the deposition of Defendant, Michael E. Kavoukjian ("Mr. Kavoukjian"), from sources independent from anything White & Case or Mr. Kavoukjian disclosed in any of their discovery responses or deposition testimony in this case.

White & Case's interrogatory responses make no reference to any conflict of interest check system and it has produced no documents relating to any conflict of interest check system.

**Summary of the Arguments in Opposition**

1. White & Case has not demonstrated "good cause" to obtain a Protective Order under FED. R. CIV. P. 26(c)(1) and 30(a)(2)(A)(ii), because no White & Case deponent "has already been deposed in the case" on matters concerning its conflict of interest check system; the Federal Rules of Civil Procedure permit parties to take multiple depositions of corporate entities on different subjects; and the subjects in the September 27 Deposition Notice are different from the subjects in the April 22 Deposition Notice.  Plaintiffs are nowhere close to the ten deposition limit under FED. R. CIV. P. 30(a)(2)(A)(i), having taken only two depositions so far and having issued notices for five additional depositions (two fact witnesses, David C. Sojourner, Esq., Karen H. Thomas, Esq., and the subject FED. R. CIV. P. 30(b)(6) deposition of White & Case on the conflict system, followed by the depositions of Defendants' experts, John P. Freeman, Esq. and Stephen Johnson, Esq.).

2. If the Court determines leave of court is required under FED. R. CIV. P. 30(a)(2)(A)(ii), Plaintiffs should be permitted to take a FED. R. CIV. P. 30(b)(6) deposition of White & Case on the Matters of Examination in the September 27 Deposition Notice concerning its conflict of interest checking system, especially given the newly-discovered information concerning:

    a. the judgment issued on January 31, 2014, in the United Kingdom by the High Court of Justice, Queen's Bench Division, in GEORGIAN AMERICAN ALLOYS, INC. et al v. WHITE & CASE, LLP, where White & Case and its lawyers were found to have represented adverse parties on related matters and allowed confidential information belonging to one group of "clients" to be disclosed or possibly disclosed to the adverse "clients;"[1]

    b. the United Kingdom's all-time record disciplinary sanctions imposed against White & Case and its lawyers by the "Solicitors Regulation Authority" and the "Solicitors Disciplinary Tribunal," (the entities governing professional misconduct matters in the United Kingdom), after White & Case's admitted to acting recklessly in not carrying out sufficient conflict of interest checks or doing enough to ensure client confidentiality in the GEORGIAN AMERICAN ALLOYS matters; and

    c. White & Case's public promises and assurances after the GEORGIAN AMERICAN ALLOYS opinion was issued (about two years before Defendants' actions at

---

[1] Unfortunately, White & Case omitted from the copy of Plaintiffs' September 27 Deposition Notice filed as Exhibit 1 (ECF # 50-23) to its Motion, the only exhibit to that deposition notice, which is a copy of GEORGIAN AMERICAN ALLOYS, INC., et al v. WHITE & CASE, LLP opinion. A complete copy of Plaintiffs' September 27 Deposition Notice, including the GEORGIAN AMERICAN ALLOYS opinion, is filed with this Opposition as **Exhibit 53-1**.

issue in this case) and related disciplinary sanctions they "are committed to upholding the legal industry's highest standards at all times, in all of the jurisdictions where we operate."

3. Plaintiffs' combination FED. R. CIV. P. 34 document request and FED. R. CIV. P. 30(b)(6) Notice of Deposition of White & Case, LLP dated September 27, 2020, was served within the discovery deadline.

4. White & Case's Motion does not object to the FED. R. CIV. P. 34 document requests in the September 27, 2020 Deposition Notice.

**Background**

On July 26, 2019, Plaintiffs filed the Summons and Complaint in this matter, alleging the bases for awards of punitive damages as to Defendants within several causes of action (Complaint, ECF #1, ¶¶43, 45, 53, 54, ECF # 38). On April 22, 2020, Plaintiffs' served the April 22 Deposition Notice seeking White & Case's testimony on the defenses and affirmative defenses White & Case asserted in its Answer (ECF # 7). On August 3, 2020, the Court issued its Order (ECF # 38) denying White & Case's motion for a protective order and directing White & Case to attend the FED. R. CIV. P. 30(b)(6) deposition.

On August 28, 2020, White & Case's designee provided testimony concerning the Matters of Examination under the April 22 Deposition Notice on the defenses and affirmative defenses White & Case asserted in its Answer (ECF # 7). While White & Case's designee was examined generally about conflicts of interests, White & Case's designee never mentioned "the ethical screens" or the "IntApp Wallbuilder" conflicts of interest software that White & Case apparently use as referenced in the GEORGIAN AMERICAN ALLOYS opinion, even when asked about whether it employed such a system. See (**Exhibit 53-2**, excerpts from transcript from White & Case 30(b)(6) deposition, 57:7-58:2; 59:3-66:5. See also, September 27, 2020 Deposition Notice, Ex.

1, GEORGIAN AMERICAN ALLOYS opinion at ¶¶ 28-30. Defendants' discovery responses disclosed no information about any conflict of interest system, "ethical screens," the "IntApp Wallbuilder" conflicts of interest software, the GEORGIAN AMERICAN ALLOYS opinion, or the disciplinary sanctions imposed against White & Case and its lawyers by the Solicitors Regulation Authority and the Solicitors Disciplinary Tribunal.

On September 24, 2020, less than one month after the 30(b)(6) deposition of White & Case, the deposition of Mr. Kavoukjian was taken, and Mr. Kavoukjian—like the White & Case designee—never mentioned "the ethical screens" or the "IntApp Wallbuilder" conflicts of interest software.

On September 27, 2020, Plaintiffs served White & Case with a FED. R. CIV. P. 30(b)(6) deposition ("the September 27 Deposition Notice") on matters related to conflict of interest systems used by White & Case that Plaintiffs discovered after the deposition of Mr. Kavoukjian from an internet search. Neither White & Case nor Mr. Kavoukjian disclosed the GEORGIAN AMERICAN ALLOYS opinion, or the United Kingdom record-setting disciplinary fines based on their violations of conflict of interest rules in any of their discovery responses or deposition testimony in this case.

After Mr. Kavoukjian's deposition, through an Internet search Plaintiffs discovered the GEORGIAN AMERICAN ALLOYS opinion and related media reports of Solicitors Regulation Authority's and the Solicitors Disciplinary Tribunal's findings of professional misconduct against White & Case and its lawyers and imposing all-time record monetary sanctions for prohibited conflicts of interest. Filed as **Exhibit 53-3** to this Opposition is a composite exhibit with copies of articles describing White & Case's "overhaul" of its conflict of interest system in the 2014-

2017, which is during the time when Mr. Kavoukjian filed the Statement of 's Claim on March 29, 2016, against the estate of his former client, Mrs. Farr.

**Discovery Standards**

Generally, FED. R. CIV. P. 26(b) governs the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). Discovery rules are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); Hickman v. Taylor, 329 U.S. 495, 507 (1947). "The scope and conduct of discovery are within the sound discretion of the district court." Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co., 56 F.3d 556, 568 n.16 (4th Cir. 1995). "District courts have 'wide latitude in controlling discovery and [their] rulings will not be overturned absent a showing of clear abuse of discretion.'" Mills v. Gen. Motors, LLC, No. CV 2:17-201-RMG, 2017 WL 4279651, at *1 (D.S.C. Sept. 26, 2017) (citing Ardrey v. United Parcel Serv., 798 F.2d 679, 683 (4th Cir. 1986) and Middleton v. Nissan Motor Co., Civ. No. 10-2529, 2012 WL 3612572, at *2 (D.S.C. Aug. 21, 2012)).

FED. R. CIV. P. 30(a)(2)(ii) provides that a party may obtain leave to take a second deposition,[2] "which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)." Charleston Med. Therapeutics, Inc. v. AstraZeneca Pharm. LP, No. 2:13-CV-2078-

---

[2] The September 27 Deposition Notice is not a "second" deposition." It seeks the deposition of White & Case designees on new Matters of Examination concerning its conflict of interest check systems, which are separate and distinct from the Matters of Examination concerning White & Case's defenses and affirmative defenses in the April 22 Deposition Notice.

RMG, 2015 WL 12818824, at *1 (D.S.C. Mar. 17, 2015) (citing FED. R. CIV. P. 30(a)(2)) (allowing more than ten depositions where party seeking to take the additional deposition recently discovered matters material to the dispute and the burden of the additional discovery did not outweigh the benefit). Rule 26(b)(2)(C) states that when considering whether to allow extra depositions, courts should consider whether:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

FED. R. CIV. P. 26(b)(2)(C).

## Arguments

**I. Because no White & Case deponent has been deposed on matters concerning its conflict of interest check system, leave of court is not necessary under FED. R. CIV. P. 30(a)(2)(A)(ii).**

The September 27 Deposition Notice contains new "Matters of Examination" that were not included in the "Matters of Examination" contained in the April 22 Deposition Notice, that related exclusively to defenses and affirmative defenses to the allegations made within Plaintiffs' Complaint. Because the September 27 Deposition Notice contains *new* "Matters of Examination," the Federal Rules of Civil Procedure permit it to go forward without leave of court, notwithstanding the Rule 30(b)(6) deposition of White & Case taken on August 28, 2020. See Quality Aero Tech., Inc. v. Telemetrie Elektronik GmbH, 212 F.R.D. 313, 319 (E.D.N.C. 2002) ("[T]here is no aspect of the Rules which either restricts a party to a single 30(b)(6) deposition or restricts the allotted time for taking a 30(b)(6) deposition."); Charleston Med. Therapeutics, Inc. v. AstraZeneca Pharm. LP, No. 2:13-CV-2078-RMG, 2015 WL 12818824, at *2 (D.S.C. Mar. 17,

2015) ("Finally, the parties appear to dispute whether Plaintiffs may take an additional Rule 30(b)(6) deposition of Defendant on topics related to the qui tam suits. To head off any future disputes, *the Court allows such an additional 30(b)(6) deposition of Defendant.*") (emphasis added); Cornell Research Foundation, Inc. v. Hewlett-Packard Co., 2006 WL 50973357, fn. 6 (N.D.N.Y. Nov. 13, 2006) (FED. R., CIV. P. 30(a)(2)(B) "does not preclude the taking of a second deposition from a corporation or other similar entity, as opposed to a single person."); Beaulieu v. Board of Trustees of Univ. of West Fla., 2007 WL 4468704 (N.D. Fla. 2007) ("Defendant's Rule 30(b)(6) witness was testifying as an entity, not as herself, and thus the same person was not being deposed twice in this case, and the prohibition contained in Rule 30(a)(2)(B) was inapplicable."); Loops, LLC v. Phoenix Trading, Inc., 2010 WL 786030, *2 (W.D. Wash. March 2, 2010); I/P Engine, Inc. v. AOL, Inc., 283 F.R.D. 322, 324 (E.D. Va. 2012).

> There is also the question whether the requirement in Rule 30(a)(2)(A)(ii) for leave to take another deposition of a witness who has already been deposed should apply to preclude a second Rule 30(b)(6) deposition without leave of court or stipulation of the parties. The limitation on a second deposition of a given witness seems designed to avoid impositions on individual persons. The fact that a Rule 30(b)(6) notice must specify limited topics for examination implies that additional inquiry into other relevant topics should not be precluded by the fact that inquiry has first been made on the topics designated for the first Rule 30(b)(6) deposition.
>
> A sensible method for applying the one–deposition provision to Rule 30(b)(6) depositions might focus initially on the listing of topics for examination in the deposition notice. If the second notice lists the same topic as the first notice, that would raise concerns about the one–deposition protection. Otherwise, it may make sense to consider the second 30(b)(6) deposition not to be the same deposition. Consistent with this view, it would also make sense to regard the second 30(b)(6) deposition as an additional deposition under the ten–deposition rule limit. Although the one–deposition provision in Rule 30(a) therefore may apply technically to a second Rule 30(b)(6) notice to an organizational party, it is likely that refusals to proceed on that ground will not be received with favor by courts if genuinely distinct topics are listed in the different notices.

WRIGHT & MILLER, 8A Fed. Prac. & Proc. Civ. §§ 2103 and 2104 (3d ed.) ("§ 2103 Persons Subject to Examination—Corporations and Other Organizations").

FED. R. CIV. P. 30(a)(2)(A)(i) imposes a limit of ten depositions, unless the court grants leave for additional depositions. FED. R. CIV. P. 30(b)(6) is silent as to the number of 30(b)(6) depositions permitted within the presumptive ten deposition limit under FED. R. CIV. P. 30(a)(2)(A)(i). The Advisory Committee's notes to the 1993 amendments to the Federal Rules of Civil Procedure state: "A deposition under Rule 30(b)(6) should, for purposes of this limit, be treated as a single deposition even though more than one person may be designated to testify." FED. R. CIV. P. 30 Advisory Committee notes to 1993 amendment.

Following the reasoning of the Advisory Committee, the court in Quality Aero Technology, found "there is no aspect of the Rules which either restricts a party to a single 30(b)(6) deposition or restricts the allotted time for taking a 30(b)(6) deposition." Quality Aero Tech., Inc. v. Telemetrie Elektronik GmbH, 212 F.R.D. at 319. The Quality Aero Technology rejected the same argument White & Case makes in its motion that FED. R. CIV. P. 30(a)(2)(A)(ii) requires leave of court if for additional depositions if "the *person* to be examined already has been deposed in the case." Id. (emphasis in original).

In order "to protect a party ... from annoyance, embarrassment, oppression, or undue burden or expense," a District Court may enter a protective order upon a showing of "good cause" for doing so. FED. R. CIV. P. 26(c)(1). "To obtain a protective order ... the party resisting discovery must establish that the information sought is covered by [Rule 26(c)] and that [the party] will be harmed by disclosure." In re Wilson, 149 F.3d 249, 252 (4th Cir. 1998). White & Case has not and cannot meet this burden.

Plaintiffs should be allowed to take the Rule 30(b)(6) deposition of White & Case on the new "Matters of Examination" in the September 27 Deposition Notice without leave of court.

**II.     Leave of court should be granted to allow the September 27 Deposition Notice to proceed.**

Plaintiffs are entitled to conduct discovery regarding information that would support punitive damages claims, including similar past occurrences.  See Moore v. BPS Direct, LLC, 2019 WL 2950082, at *2 (D.S.C., 2019).  White & Case should be required to provide testimony concerning its conflict of interest check systems it was using after the GEORGIAN AMERICAN ALLOYS opinion and related media reports of Solicitors Regulation Authority's and the Solicitors Disciplinary Tribunal's findings of professional misconduct against White & Case and its lawyers.  Even if the Court were to consider the September 27 Deposition Notice as a "second" deposition of White & Case, leave should be granted to allow this deposition because:

1. This discovery is not unreasonably cumulative or duplicative;

2. This discovery is not available from other sources that are more convenient, less burdensome, or less expensive;

3. Defendants did not in their discovery responses and deposition testimony disclose the 2014 GEORGIAN AMERICAN ALLOYS opinion and related media reports of Solicitors Regulation Authority's and the Solicitors Disciplinary Tribunal's findings of professional misconduct against White & Case and its lawyers, which were taking place before and during Defendants' conduct in March 2016 at issue in this case; and

4. Because White & Case and its lawyers were found to have violated the conflict of interest rules in 2014 and were hit with the largest monetary sanction imposed for

disciplinary misconduct in the history of the United Kingdom for the same basic conduct at issue in this lawsuit, the importance of the proposed discovery to the issues at stake in this litigation, far outweigh the burden or expense of this discovery.

See Charleston Med. Therapeutics, Inc. v. AstraZeneca Pharm. LP, No. 2:13-CV-2078-RMG, 2015 WL 12818824, at *1 (D.S.C. Mar. 17, 2015) (citing FED. R. CIV. P. 26(b)(2)(C) in permitting a plaintiffs to take six additional depositions where plaintiffs had recently learned of related qui tam cases against defendant, finding "the burden of the additional depositions does not outweigh their benefit.").

There are three distinct points where Defendants would been obligated to address conflicts of interest in potential conflicts of interest regarding their representation of Mrs. Farr: 1) in 1990 at the outset of the joint representation of Mr. Farr and Mrs. Farr; 2) around 2001 when Defendants began representing and providing estate planning legal advice to Mr. Farr's children from this first marriage, including John Farr, II, while also representing Mr. Farr and Mrs. Farr; and 3) in 2016 when Defendants were retained by the Farr children to pursue claims against Mrs. Farr's estate.

The information sought in the September 27 Deposition Notice relates to the claims and defenses in this lawsuit given White & Case's and its lawyers' conduct described in the GEORGIAN AMERICAN ALLOYS opinion and related media reports of Solicitors Regulation Authority's and the Solicitors Disciplinary Tribunal's findings of professional misconduct based on conflicts of interest virtually mirrors Defendants' alleged misconduct at issue in this lawsuit. The burdens of permitting the September 27 Deposition Notice is proportional to the needs of this case.

**III. White & Case's motion did not object and does not seek protection from the Fed. R. Civ. P. 34 document production requests in the September 27 Deposition Notice.**

There are two components to the September 27 Deposition Notice: 1) the Fed. R. Civ. P. 34 document production requests concerning White & Case's conflict of interest system and 2) the Matters of Examination under Fed. R. Civ. P. 30(b)(6) to discuss White & Case's conflict of interest system. White & Case's motion only objects to the Fed. R. Civ. P. 30(b)(6) portion of the September 27 Deposition Notice. Notwithstanding this Court's ruling on White & Case's motion, it remains obligated to comply with the Fed. R. Civ. P. 34 document production requests.

## CONCLUSION

The Court should deny White & Case's motion for a protective order precluding the September 27 Deposition from proceeding. So far in this lawsuit, White & Case has not been required to prepare a designee to provide testimony concerning the topics in the Matters of Examination in the September 27 Deposition Notice. The information sought in the September 27 Deposition Notice is relevant; is not unreasonably cumulative or duplicative; is discovery is not available from other sources that are more convenient, less burdensome, or less expensive; and was not disclosed by Defendants in their discovery responses and deposition testimony; and the importance of the proposed discovery to the issues at stake in this litigation, far outweigh the burden or expense of this discovery.

Plaintiffs respectfully request this Court issue an Order denying White & Case's motion for protective order and allow Plaintiffs to proceed with the September 27 Deposition Notice.

Respectfully submitted,

PENDARVIS LAW OFFICES, P.C.

s/ Thomas A. Pendarvis_____
Thomas A. Pendarvis (Fed. Id. 5785)
Christopher W. Lempesis, Jr. (Fed. Id. 11462)
710 Boundary Street, Suite 1-A
Beaufort, SC 29902
843.524.9500
Thomas@PendarvisLaw.com
Chris@PendarvisLaw.com

Counsel for Plaintiffs, Katherine St. John Haney and James Byrnes, as Personal Representative of the Estate of Muriel T. Farr

Beaufort, South Carolina

October 12, 2020