**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Katherine St. John Haney and James Byrnes, ) as Personal Representatives of the Estate ) of Muriel T. Farr ) ) Plaintiffs, ) ) v. ) ) Michael E. Kavoukjian, Esq., ) and White & Case, LLP ) ) Defendants. ) _____ ) | Civil Action No. 2:19-cv-2098-RMG  **ORDER AND OPINION** |

Before the Court is Defendants' motion to reconsider the Court's July 27, 2021 Order denying in part, Defendants' motion for summary judgment as to the statute of limitations or in the the alternative, to certify as final the Court's judgment pursuant to Federal Rule of Civil Procedure 54(b). (Dkt. No. 108). For the reasons stated below, the motion is denied.

**I.     Background**

This is a breach of fiduciary duty and professional negligence action. Plaintiffs are the Personal Representatives of the Estate of Muriel T. Farr ("the Estate"). Muriel T. Farr ("Muriel") and Sims C. Farr ("Sims") were jointly represented by Defendants White & Case, LLP and Michael E. Kavoukjian, *Esq.* for estate planning purposes. Mr. Kavoukjian filed a Statement of Creditor's Claim on March 29, 2016 against the Estate and on behalf of the children of Sims Farr ("Farr Children."). Plaintiffs allege Defendants breached duties of confidentiality and loyalty among other professional duties owed to Muriel as a former client by pursuing claims against the Estate on behalf of the Farr Children.

The parties filed cross-motions for summary judgment. (Dkt. Nos.78; 79). Defendants moved for summary judgment on several grounds. Defendants moved for summary judgment on

1

the ground Plaintiffs' claims are barred by the applicable three-year statute of limitations pursuant to South Carolina Code Annotated § 15-3-535. On July 27, 2021, the Court issued an Order granting in part Defendants' motion for summary judgment as to the statute of limitations defense. (Dkt. No. 103). The Court found "there is no issue of material fact that Plaintiffs, imputed with knowledge from their attorneys, were aware of potential claims against Defendants for breach of fiduciary duty and legal professional negligence as of March 18, 2016 or by March 24, 2016 at the latest." (Dkt. No. 103 at 10). The Court held, "[a]ll claims Plaintiffs had notice of on or before March 27, 2016 are barred as untimely under the applicable statute of limitations." (*Id.*). The Court further held "Plaintiffs' claims as to Mr. Kavoukjian's filing of the Statement of Creditor's Claim on March 29, 2016 were not time-barred." (*Id.*). Defendants now argue reconsideration of the Court's statute of limitations ruling is warranted due to clear error causing Defendants' "manifest injustice." (Dkt. No. 108-1 at 2).[1]

## II.  Legal Standard

Rule 54(b) governs the Court's reconsideration of interlocutory orders. Fed. R. Civ. P. 54(b). Where a district court issues an interlocutory order such as one for partial summary judgment "that adjudicates fewer than all of the claims," the court retains discretion to revise such an order "at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b). Compared to motions to reconsider final judgments pursuant to Rule 59(e), Rule 54(b)'s approach involves broader flexibility to revise interlocutory orders before final judgment as the

---

[1] The Court's Order granted Defendants' motion for summary judgment on the ground no duty of confidentiality is owed to Muriel because Defendants jointly represented Sims and Muriel for estate planning purposes. (Dkt. No. 103 at 10-13). In addition, the Court's Order granted Defendants' motion for summary judgment on the ground Plaintiffs must elect a remedy between their two causes of action. (*Id*. at 24).

litigation develops and new facts or arguments come to light. *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 326 (4th Cir. 2017).

The discretion Rule 54(b) provides is not limitless. Courts have cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case. *Carlson*, 856 F.3d at 325 (citing *Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515-16 (4th Cir. 2003) (internal citations omitted). The law-of-the case doctrine provides that in the interest of finality," when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Carlson*, 856 F.3d at 325 (citing *TWFS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009) (internal citations omitted). Thus, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) "a subsequent trial produc[ing] substantially different evidence;" (2) a change in applicable law; or (3) clear error causing "manifest injustice." *Carlson*, 856 F.3d 320. This standard closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of "new evidence not available at trial." *Carlson*, 856 F.3d 325 (citing *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

**III.     Discussion**

In their motion, Defendants argue the Court's finding the statute of limitations expired on all claims of which Plaintiffs were on notice of on or before March 27, 2016, except as to filing of the Statement of Creditor's claim on March 29, 2016, is a clear error of law that would cause Defendants manifest injustice. (Dkt. No. 108-1 at 3). Defendants argue the Court's ruling adopts the doctrine of "continuing tort or continuing violation theory of accrual" because the Order splits Defendants' alleged wrongful conduct into a series of separate claims where the filing of the Statement of Creditor's Claim is subject to its own statute of limitations period. (*Id.* at 3-4).

3

Defendants argue that in applying the discovery rule to actions involving breach of fiduciary duty and legal malpractice, the District of South Carolina has repeatedly found the discovery rule triggers the statute of limitations as to the initial breach of duty and all subsequent actions that are related to or a continuation of the breach of the same duty. (*Id.* at 9).[2]

Upon consideration of Defendants' arguments, the Court finds there is no clear error of law that would cause manifest injustice to Defendants. On June 21, 2019, the parties entered an Amended Tolling Agreement that operated to toll all claims effective March 27, 2019 to the extent such claims had not already expired. (Dkt. No.79-19). The Court's Order reviewed the record to determine whether Plaintiffs knew or should have known of claims against Defendants prior to March 27, 2016 and found that Plaintiffs claims were time barred by the statute of limitations because the record demonstrated Plaintiffs had notice of the claims based on letters exchanged amongst Estate counsel and letters sent to Estate counsel from Mr. Kavoukjian. Defendants then filed the Statement of Creditor's Claim on March 29, 2016. This is a distinct action that forms the basis of Plaintiffs' claim Defendants breached a duty of loyalty owed to Muriel. Thus, the Court's ruling was not a clear error of law, nor was it manifestly unjust. Accordingly, there is no basis to reconsider the Court's prior order granting in part, denying in part Defendants' motion for summary judgment.

Defendants move, in the alternative for partial final judgment pursuant to Rule 54(b), of the Court's Order dismissing all claims of which Plaintiffs were on notice of on or before March

---

[2] Citing cases *KCI Mgmt. Corp. v. Posternak, Blankenstein & Lund, LLP*, No. 2:03-1633-23, 2005 WL 8164113 (D.S.C. Aug. 8, 2005); *Vieira v. Simpson*, No. 2:13-cv-2610-DCN, 2015 WL 1299959 (D.S.C. Mar. 23, 2015); *Abrasives-South, Inc.* v. *Awko Abrasives Wandmacher GMBH & Co.*, 225 F. Supp.3d 545, 548 (D.S.C. 2016); *Wellin on behalf of Estate of Wellin v. Farace*, No. 2:16-cv-00414-DCN, 2019 WL 5784948 (D.S.C. Nov. 6, 2019); *Wellin v. Wellin*, No. 2:13-cv-01831-DCN, 2020 WL 95683 (D.S.C. Jan. 8, 2020).

4

27, 2016 as time-barred, but not as to the filing of the Statement of Creditor's Claim, be certified as final for purposes of appeal. (Dkt. No. 108-1 at 20). In deciding whether to enter partial final judgment under Rule 54(b), the court follows a two-step process. *See MCI Constructors, LLC v. City of Greensboro,* 610 F.3d 849, 855 (4th Cir.2010) (citing *Braswell,* 2 F.3d at 1335). "First, the district court must determine whether the judgment is final ... in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* (citations and quotations marks omitted). "Second, the district court must determine whether there is no just reason for the delay in the entry of judgment." *Id.* In determining whether there is no just reason for delay in the entry of judgment, the court considers what course is "in the interest of sound judicial administration," *Curtiss–Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). "Rule 54(b) certification is recognized as the exception rather than the norm." *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993).

After consideration of Defendants' argument and the relevant factors, the Court is not persuaded that Rule 54(b) certification is appropriate in this case. The Court's ruling dismissing all claims of which Plaintiffs were on notice on or before March 27, 2016 as expired under the statute of limitations, but not as to the filing of the Statement of Creditor's Claim, is not a final judgment because it does not ultimately dispose of Plaintiffs' claims, it simply narrows the claims. Thus, Defendants have not demonstrated that certification under Rule 54(b) is justified and the motion to certify the judgment as final is denied.

### IV. Conclusion

For the reasons stated above, Defendants' motion to reconsider/ or in the alternative motion to certify decision pursuant to Rule 54(b) is **DENIED**.

**AND IT IS SO ORDERED**.

                                                             <u>s/ Richard M. Gergel</u>
                                                             Richard M. Gergel
                                                             United States District Judge

September 7, 2021
Charleston, South Carolina