**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Katherine St. John Haney and James Byrnes, as Personal Representatives of the Estate of Muriel T. Farr ) ) ) ) Plaintiffs, ) ) v. ) ) Michael E. Kavoukjian, Esq., ) and White & Case, LLP ) ) Defendants. ) _____ ) | Civil Action No. 2:19-cv-2098-RMG  **ORDER AND OPINION** |

Before the Court is Plaintiffs' motion to exclude expert testimony pursuant to Federal Rules of Evidence 702 and 704. (Dkt. No. 111). For the reasons stated below, the motion is denied without prejudice.

**I.    Background**

Plaintiffs originally brought a breach of fiduciary duty and professional negligence action. (Dkt. No. 1). Plaintiffs are the Personal Representatives of the Estate of Muriel T. Farr ("the Estate"). Muriel T. Farr ("Muriel") and Sims C. Farr ("Sims") were jointly represented by Defendants White & Case, LLP and Michael E. Kavoukjian, *Esq.* for estate planning purposes. Mr. Kavoukjian filed a Statement of Creditor's Claim on March 29, 2016 against the Estate and on behalf of the children of Sims Farr ("Farr Children."). Plaintiffs allege Defendants breached duties of confidentiality and loyalty among other professional duties owed to Muriel as a former client by pursuing claims against the Estate on behalf of the Farr Children.

In ruling on the parties' cross-motions for summary judgment, the Court found that Plaintiffs' claims for breach of fiduciary duty and professional negligence were duplicative. (Dkt. No. 103 at 35). The Court instructed Plaintiffs to elect a remedy between the two causes of action.

1

(*Id.*).  Plaintiffs elected to pursue the breach of fiduciary duty claim in lieu of the professional negligence claim.  (Dkt. No. 111 at 2).

On October 18, 2021, Plaintiffs filed a motion to exclude expert testimony at trial related to the breach of fiduciary duty claim pursuant to Federal Rules of Evidence 702 and 704.  (Dkt. No. 111).  The deadline to file *Daubert* motions was February 1, 2021.  (Dkt. No. 73).  As Plaintiffs' motion was not timely filed by the *Daubert* motion deadline, the Court considers Plaintiffs' motion as a motion in limine.

Plaintiffs seek to exclude expert testimony at trial concerning: (1) the existence of a fiduciary duty and application of a fiduciary duty; (2) whether White & Case breached any fiduciary duties owed to Plaintiffs; and (3) whether White & Case's breach of fiduciary duties caused injury to Plaintiffs.  (Dkt. No. 111 at 1-2).  Plaintiffs identify "samples of the objectionable and prohibited testimony" they seek to have excluded.  (*Id.* at 2).  Plaintiffs include a table containing over thirty entries that cite portions of the Expert Reports prepared by Defendants' experts, John P. Freeman and W. Steven Johnson.  (*Id.* at 3-7) (for example citing to Mr. Freeman's Expert Report where he states, "I am confident that [Mr. Kavoukjian's] actions are not sanctionable ethically and provide no basis for civil liability" and where Mr. Freeman states, "I hold the opinion that Mr. Kavoukjian and his law firm White & Case, did not violate any duties of confidence and loyalty." (Dkt. No. 111 at 3)).[1]  Plaintiffs generally argue that Defendants' expert testimony is not admissible on matters of law concerning the existence or breach of fiduciary duty.  (Dkt. No. 111 at 8-9).  Plaintiffs generally argue the expert testimony is inadmissible because it offers legal opinions and legal conclusions.  (Dkt. No. 111 at 9-11).

---

[1] Plaintiffs do not identify any prohibited and objectionable testimony contained in the Expert Declaration of their own expert, Professor Gregory B. Adams.

Upon a review of the parties' briefing, the Court finds that Plaintiffs do not provide context as to why any of the cited entries are inadmissible. The Court finds that Plaintiffs' request for relief is too broad and would require the court to make a ruling on the admissibility of expert testimony on Plaintiffs' breach of fiduciary duty claim based on inference. The Court denies Plaintiffs' motion without prejudice and reserves for trial the determination of the admissibility of expert testimony on Plaintiffs' breach of fiduciary duty claim.

### IV. Conclusion

For the foregoing reasons, Plaintiffs' motion to exclude expert testimony (Dkt. No. 111) is **DENIED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

January 20, 2022
Charleston, South Carolina