**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Katherine St. John Haney and James Byrnes,) | Civil Action No. 2:19-cv-2098-RMG |
| as Personal Representatives of the Estate ) | |
| of Muriel T. Farr ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Michael E. Kavoukjian, Esq., ) | |
| and White & Case, LLP ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Before the Court is Defendants' motion to substitute Nathan Crystal, Esq. for John P. Freeman, Esq., as Defendants' new legal ethics and professional responsibility expert. (Dkt. No. 118). The motion is ripe for the Court's review.

Defendants completed prior discovery and expert witness designations in a timely manner. The discovery deadline was November 30, 2020. (Dkt. No. 58). The deadline to designate expert witnesses was July 15, 2020. (Dkt. Nos. 30; 37). Defendants timely designated John Freeman, Esq., Professor Emeritus at the University of South Carolina Law School, as its ethics and professional liability expert. (Dkt. No. 37). Defendants timely identified W. Steven Johnson, Esq. as its trusts and estates expert. (*Id.*). Professor Freeman was retained to offer expert opinions concerning legal ethics, duties, and professional responsibility related to Defendants' actions in the underlying probate action that gave rise to the present lawsuit.

Defendants now move to substitute Nathan Crystal for Professor Freeman as its ethics and professional liability expert and to supplement the expert witness disclosure with a report from Nathan Crystal. (Dkt. No. 118 at 2). Defendants state that Professor Freeman passed away in

October 2021. (*Id.*). Defendants indicate that Nathan Crystal is "a distinguished professor of professional responsibility and ethics" and his testimony will "cover the same general subject matter as Professor Freeman's testimony." (*Id.* at 4).

Plaintiffs filed a response in opposition to Defendants' motion. (Dkt. No. 120). Plaintiffs have "no specific objection to Nathan M. Crystal, Esq. serving as an expert for Defendants." (*Id.* at 1-2). Plaintiffs acknowledge that "generally Defendants should be permitted to substitute an expert in place of [Professor] Freeman . . . who recently passed away." (*Id.* at 2). Plaintiffs' opposition also lodges a series of objections to Nathan Crystal's purported opinion as offering cumulative expert opinion on whether Defendants met their fiduciary duties to their former client's estate. (Dkt. No. 120 at 2-6). Plaintiffs ask the Court to enter an Order instructing Defendants to choose between W. Stephen Johnson and Nathan Crystal to provide testimony on matters of law concerning breach of fiduciary duty. (*Id.* at 6). Plaintiffs' objections regarding cumulative testimony are outside the scope of matters presented in Defendants' original motion. In addition, the issue is not yet ripe as the Court has not ruled on Defendants' motion to introduce him as an expert and Nathan Crystal has not yet submitted an expert report or been deposed in this case. (Dkt. No. 122 at 7). Therefore, the Court rejects Plaintiffs' objections regarding cumulative testimony.

Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose the identity of any expert witnesses and their expert witness reports. Fed. R. Civ. P. 26(a)(2). The purpose of Rule 26(a) is to promote full disclosure of the facts and to prevent trial by ambush. *Morel v. Daimler-Chrysler Corp.*, 259 F.R.D. 17, 20 (D.P.R. 2009). The District Court has discretion to admit tardily proffered expert evidence without sanctions upon a finding of substantial justification or harmlessness. *Michelone v. Desmarais*, 25 F. App'x 155, 158-159 (4th Cir. 2002) (unpublished);

Fed. R. Civ. P.  37(c)(1).  Death of an expert witness falls squarely within the category of circumstances that substantially justifies replacement, where the only question regarding justification is whether the party waited too long to notify the court of the need for a new expert. *Morel*, 259 F.R.D. at 21; *Baumann v. Am. Family Mut. Ins.*, 278 F.R.D. 614, 615-16 (D. Colo. 2012); *Ferrara & DiMercurio v. St. Paul Mercury Ins. Co.*, 240 F.3d 1, 8, 10-11 (1st Cir. 2001). A late disclosure is harmless if it occurs long before trial and is likely subject to correction without materially prejudicing the opposing party.  *Morel*, 259 F.R.D. at 21.  Whether a late disclosure is prejudicial depends on whether the expert testimony was unexpected and left the other party without adequate opportunity to prepare for it.  *Michelone*, 25 F. App'x at 158-159.

Upon a review of the parties' briefing, the Court finds that the late disclosure is substantially justified.  Defendants indicate that Professor Freeman was a critical expert witness who died in October 2021 after the deadlines for discovery had passed.  Although Defendants waited several months after Professor Freeman's death to file the instant motion, this case not been scheduled for trial.  Defendants state that due to the complex subject matter of this case it took significant time to find another expert on the matter, obtain, and review the expert opinion.  (Dkt. No. 118 at 4). The death of Professor Freeman provides Defendants with a substantial justification to obtain a new expert past the deadline.

The Court finds that in these circumstances, the late disclosure is harmless because Plaintiffs will not be materially prejudiced.  Plaintiffs have notice of the late disclosure.  Defendants indicate that Nathan Crystal will testify on substantially the same matters as Professor Freeman.  (Dkt. No. 118 at 4).  Plaintiffs' motion in opposition acknowledges and agrees that Defendants should be able to substitute Nathan Crystal as their expert.  (Dkt. No. 120).  Plaintiffs object to Nathan Crystal's purported testimony on the ground that it is cumulative.  (Dkt. No. 120).  Therefore,

Nathan Crystal's expert opinions would not surprise Plaintiffs with a new subject matter or theory of liability. Importantly, this case has not been set for trial and Plaintiffs will have time to formulate a response and prepare cross-examination of Nathan Crystal. *Morel*, 259 F.R.D. at 21 (finding no prejudice where Plaintiffs had ample time to formulate a response and prepare cross-examination as no trial date had been set); *Bauman*, 278 F.R.D. at 617 (allowing Plaintiff to replace her expert thirty days prior to trial and rejecting Defendant's argument that it would be prejudicial); *Ferrara*, 240 F.3d at 9-10 (upholding replacement of expert under similar circumstances ninety days before trial and finding no prejudice to opposing party). Defendants replacing Nathan Crystal as its professional responsibility and ethics expert is harmless and will not prejudice Plaintiffs.

## IV. <u>Conclusion</u>

For the foregoing reasons, Defendants' motion for leave to identify and designate Nathan Crystal, Esq. as their new legal ethics and professional responsibility expert and supplement expert witness disclosure with a report from Nathan Crystal is **GRANTED**. (Dkt. No. 118). Defendants are instructed to submit an expert witness report to Plaintiffs by June 6, 2022. Defendants shall make Nathan Crystal available for deposition immediately thereafter. If necessary, Plaintiffs may submit an expert rebuttal report by June 27, 2022.

**AND IT IS SO ORDERED**.


<u>s/ Richard M. Gergel</u>
Richard M. Gergel
United States District Judge


May 5, 2022
Charleston, South Carolina